**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOHN PAUL WILSON                                                                                           PLAINTIFF

v.                                            1:10-cv-00103-BRW-JJV

ALAN COCKRILL, Sheriff,
Independence County; *et al*.                                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended partial disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the that file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, John Paul Wilson, an inmate confined at the Independence County Detention Facility, filed this *pro se* action alleging constitutional violations against several Defendants. The Court previously determined that Plaintiff's Complaint (Doc. No. 7) against Cockrill, Ferguson, Hood and Ringer failed to state a claim upon which relief could be granted for several reasons. First, Plaintiff cannot sue defendants for damages in their official capacities; the Eleventh Amendment bars damage claims against state officials sued in their official capacities. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995). Second, Plaintiff's conditions of confinement allegations failed to support a claim upon which relief may be granted; Plaintiff failed to make a *prima facie* showing of a deprivation of "minimal civilized measure of life's necessities." *Whitnack v. Douglas County*, 16 F.3d 954, 957 (10th Cir. 1994), quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). Third, Plaintiff's allegation of denial of access to his attorney failed to support a claim for relief; he neither identified the individuals involved nor alleged an actual injury, as is required under the law. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). The Court allowed Plaintiff the opportunity to file an Amended Complaint and restate his claims, which Plaintiff has now done.

(Doc. No. 9).

Having reviewed the Amended Complaint, the Court finds Defendants Cockrill, Ferguson, Hood, and Ringer should be dismissed for failure to state a claim.

**I.      SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.     FACTS AND ANALYSIS**

In his Amended Complaint, Plaintiff has narrowed his claim to one of excessive force against

Defendant Branscum in both his individual and official capacities.  Accordingly, the Court finds that Defendants Cockrill, Ferguson, Hood and Ringer should be dismissed for failure to state a claim upon which relief may be granted.

## III.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants Cockrill, Ferguson, Hood and Ringer be DISMISSED from this action, for failure to state a claim upon which relief may be granted.

DATED this 11th day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE