IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| JOHN PAUL WILSON, Reg. #26333-009, | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 1:10-cv-00103-JJV |
| ALAN COCKRILL, Sheriff, Independence County, et al., | * |
| Defendants. | * |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Before the Court is Jared Branscum's Motion for Summary Judgment (Doc. No. 47). Plaintiff filed a Response to the Motion (Doc. No. 51).

Mr. Wilson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that while a pretrial detainee at the Independence County Jail, Jared Branscum used excessive force by tazing him on August 25, 2010.

**II.    SUMMARY JUDGMENT**

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998)(citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-

1

movant must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id.*

Mr. Branscum argues that Plaintiff's excessive force claim should be dismissed because a video of the incident clearly shows that Plaintiff was not injured, and feigned an injury in a joking and dramatic manner. (Doc. No. 49, Ex. A.) Mr. Branscum also claims he is entitled to qualified immunity because from the perspective of a reasonable officer on the scene at the time the force was used, his actions would appear objectively reasonable. Finally, Mr. Branscum states Wilson cannot recover damages from him in his official capacity because he has not shown that an unconstitutional county policy or practice of Independence County was the cause of the alleged constitutional violations.

In his Response, Mr. Wilson states Mr. Branscum acted maliciously by tazing him in the stomach area, and the video produced by Branscum does not clearly show the incident as it occurred. Mr. Wilson claims a second stationary video captured the incident but it has not been produced by Mr. Branscum. He further states that Mr. Branscum cannot explain away the burns he sustained during the incident.

### A.     Official Capacity Claims

With regard to Plaintiff's official capacity claims, the Eleventh Amendment bars damage claims against state officials sued in their official capacities. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). *See also Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). And since Plaintiff does not allege that Defendant Branscum acted pursuant to an

unconstitutional county policy or practice, his official claim for damages must be dismissed.

### B. Individual Capacity Claim

Plaintiff was a pretrial detainee at the time of this incident; thus, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In analyzing excessive force claims in this context, the courts apply a Fourth Amendment standard to determine if the officer's actions were objectively reasonable, balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Chambers v. Pennycook*, 641 F.3d 898, 905-6 (8th Cir. 2011). The degree of injury is relevant to show the amount and type of force used, but it should not be dispositive, and the Court should focus "instead on whether the force applied is reasonable from the perspective of a reasonable officer on the scene at the time the force is used." *Chambers*, 641 F.3d at 906.

Mr. Branscum's argument for summary judgment largely hinges on his assertion that Mr. Wilson was not injured. But lack of an obvious injury does not dispose of Plaintiff's excessive force claim. Moreover, after considering the pleadings and video submitted by Mr. Branscum, the Court finds issues of material fact still exist. The video does not show the entire incident, and Mr. Branscum provides no affidavit or other sworn statement to support his version of events.[1] Therefore, this portion of Mr. Branscum's Motion for Summary Judgment must be denied.

### III. CONCLUSION

IT IS, THEREFORE, ORDERED THAT:

1. Mr. Branscum's Motion for Summary Judgment (Doc. No. 47) is GRANTED in part,

---

[1] Although the Motion refers to an affidavit by Branscum, the only affidavit provided is by Lt. John Ferguson, Jail Administrator of Independence County, stating that the video provided is an authentic copy. (Doc. No. 49 at 3.)

and the damages claims against him in his official capacity are dismissed; the Motion is DENIED in all other respects.

    IT IS SO ORDERED this 25th day of April, 2012.

                                              JOE J. VOLPE  
                                              UNITED STATES MAGISTRATE JUDGE